**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BILLJCO, LLC,** | |
| Plaintiff, | |
| v. | Case No. 2:21-cv-00183-JRG |
| **HEWLETT PACKARD ENTERPRISE COMPANY, ARUBA NETWORKS, INC.,** | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................1

II.     BACKGROUND ..................................................................................................1

III.    LEGAL STANDARDS .........................................................................................3

IV.     ARGUMENT ........................................................................................................5

       A.      Plaintiff's Complaint Should Be Dismissed for Failure to State a
             Claim for Infringement Based on Standards Compliance .......................................5

       B.      Plaintiff's Complaint Should Be Dismissed for Failure to Plead
             Divided or Joint Infringement................................................................................7

       C.      Plaintiff's Complaint Should Be Dismissed for Failure to State a
             Claim for Indirect Infringement............................................................................10

            1.      No Plausible Claim for Direct Infringement...............................................10

            2.      No Pre-Suit Knowledge of the Asserted Patents .......................................11

            3.      No Intent to Induce Infringement ..............................................................11

            4.      Generic Contributory Infringement Allegations.........................................13

       D.      Plaintiff's Complaint Should Be Dismissed for Failure to State a
             Claim for Willful Infringement.............................................................................13

V.      CONCLUSION....................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*Achates Reference Publ'g, Inc. v. Symantec Corp.*,
   2013 WL 693955 (E.D. Tex. Jan. 10, 2013)................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 678 (2009)..........................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................3

*Bush Seismic Techs. LLC v. Am. Gem Soc'y*,
   2016 WL 9115381 (E.D. Tex. Apr. 13, 2016)...................................................5, 14

*Centillion Data Sys., LLC v. Qwest Communs. Int'l*,
   631 F.3d 127 (Fed. Cir. 2011)........................................................................................7

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   859 F.3d 1352 (Fed. Cir. 2017)....................................................................................12

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)....................................................................................................11

*Core Wireless Licensing SARL v. Apple, Inc.*,
   2015 WL 12850550 (E.D. Tex. July 15, 2015) .........................................12, 13, 14

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)..............................................................................4, 10

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)....................................................................................11

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)................................................................................5, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)..........................................................................................................4

*Godo Kaisha IP Bridge 1 v. TCL Commun. Tech. Holdings Ltd.*,
   967 F.3d 1380 (Fed. Cir. 2020)......................................................................................6

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) ..........................................................................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)....................................................................................................14

*Hybrid Audio, LLC v. High Tech Computer Corp.*,
   2012 U.S. Dist. LEXIS 192797 (E.D. Tex. Nov. 2, 2012) ......................................................6

*IBM v. Booking Holdings Inc.*,
   775 Fed. App'x 674 (Fed. Cir. 2019)...................................................................................8

*InMotion Imagery Techs. v. Brain Damage Films*,
   2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ...............................................................5, 13

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)...........................................................................................10

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)..................................................................................4, 9, 10

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ...................................................................................................7

*Lee v. Verizon Communs., Inc.*,
   837 F.3d 523 (5th Cir. 2016) .................................................................................................4

*Maxell Ltd. v. Apple Inc.*,
   2019 U.S. Dist. LEXIS 227275 (E.D. Tex. Oct. 23, 2019) ................................................11

*Norman IP Holdings, LLC v. Chrysler Grp. LLC*,
   2014 U.S. Dist. LEXIS 185498 (E.D. Tex. Mar. 5, 2014)..................................................12

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
   2016 WL 4717991 (N.D. Tex. July 7, 2016) ........................................................................4

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   788 F.3d 1359 (Fed. Cir. 2015).............................................................................................3

*Plotkin v. IP Axess Inc.*,
   407 F.3d 690 (5th Cir. 2005) .................................................................................................3

*Poloceno v. Dall. Indep. Sch. Dist.*,
   826 Fed. App'x 359 (5th Cir. 2020) ......................................................................................3

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
   2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ...................................................................10

*Stragent, LLC v. BMW of N. Am., LLC*,
   2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ..............................................................4, 7, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................3, 14

## I.   <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, LLC[1] ("Aruba") respectfully move to dismiss the Complaint filed by Plaintiff BillJCo, LLC ("Plaintiff") for failure to state a claim.

First, Plaintiff's allegations of direct infringement against HPE and Aruba (collectively, "Defendants") rely on the accused Aruba products' compliance with certain aspects of the iBeacon standard without any supporting allegations as to whether or how the Aruba products implement the portions of the standard that allegedly necessarily lead to infringement. Second, Plaintiff's allegations with respect to direct infringement of the '011 patent require third parties for performance of certain steps of the claimed method but are without any recitation of the elements necessary to plead a claim for joint infringement, let alone set out factual allegations that would plausibly support them. Finally, Plaintiff's claims for indirect and willful infringement are threadbare recitations that are devoid of any supporting allegations or facts.

Plaintiff's allegations fall short of the requirements for plausibly alleging direct infringement, indirect (i.e., induced and contributory) infringement, and willful infringement, and should be dismissed under Rule 12(b)(6).

## II.   <u>BACKGROUND</u>

Plaintiff brought this lawsuit for patent infringement against HPE and its Silicon Valley-based subsidiary, Aruba, on May 25, 2021. Dkt. 1. In the Complaint, Plaintiff alleges that Defendants infringe U.S. Patent Nos. 8,671,804 ("the '804 Patent"), 10,292,011 ("the '011

---

[1] Plaintiff incorrectly identified Aruba Networks, Inc. as a named Defendant. Aruba Networks, Inc. no longer exists as it was converted from a corporation to a limited liability company in October of 2020, prior to the filing of the Complaint.

Patent"), and 10,477,994 ("the '994 Patent") (collectively "Asserted Patents"). *Id.*, ¶ 2. Plaintiff alleges that Defendants have been aware of the Asserted Patents as of "the filing and/or service of this lawsuit." *Id.*, ¶ 31.

Plaintiff alleges infringement based on access points and beacon devices made by Aruba that utilize Bluetooth Low Energy ("BLE") protocols and Apple's iBeacon standard. *Id.*, ¶¶ 20, 27-29 (accusing "Instrumentalities implement[ing] certain features of different beacon specifications and protocols including Apple, Inc.'s iBeacon standard"). Specifically, in the Complaint, Plaintiff identifies the Aruba 300, 310, 320, and 330 series Access Points, as well as two models of Aruba Beacons (Products #s JX984A, JX985A), two models of Aruba USB Beacons (Products #s JW315A, JW316A), and one model of the Aruba Event Beacon (Product # JX986A) (collectively the "Accused Products"), and alleges that these products infringe based on their use of BLE and the iBeacon standard. *Id.*, ¶¶ 27-29. In the claim charts attached to the Complaint, Plaintiff purports to chart unspecified products, generically referring to either "Aruba Bluetooth Beacons" or "Aruba/HPE Beacon." *See generally* Dkts. 1-7, 1-8, 1-9. In these charts, Plaintiff relies on the Aruba products being "Compatible with Apple iBeacon$^{TM}$ standard" and points to iBeacon Data packet fields and content to allegedly explain how the Accused Products infringe. *Id.*

Plaintiff has also asserted the same patents against other technology companies, alleging infringement based on products that utilize the same beacon technology standards. *E.g., BillJCo v. Apple, Inc.*, 6:21-cv-528 (W.D. Tex., filed May 25, 2021); *BillJCo v. Cisco Systems, Inc.*, 2:21-cv-181 (E.D. Tex., filed May 25, 2021).

### III.  **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). If a complaint fails to state a claim upon which relief can be granted, a court is obligated to dismiss the complaint as a matter of law. Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), a court takes as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Poloceno v. Dall. Indep. Sch. Dist.,* 826 Fed. App'x 359, 361-62 (5th Cir. 2020). To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Iqbal*, 556 U.S. at 678-79. Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Regional circuit law applies when reviewing a Rule 12 motion to dismiss. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). In the Fifth Circuit, "the court applies the *Twombly*-plausibility standard." *Lee v. Verizon Communs.,*

3

*Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

To adequately plead direct infringement, a plaintiff must allege facts showing that an accused product meets each and every limitation of at least one patented claim. *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claims of direct patent infringement because the complaint failed to plausibly allege the defendant practiced all limitations of any asserted claim); *Stragent, LLC v. BMW of N. Am., LLC*, 2017 WL 2821697, at *6 (E.D. Tex. Mar. 3, 2017).

Induced infringement claims must also state a plausible claim under *Twombly* and *Iqbal*. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016). In addition to allegations of an underlying direct infringement, the complaint must further allege facts showing "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). This "requires that the defendant specifically intended for its customers to infringe the asserted patents; it is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe." *Stragent*, 2017 WL 2821697, at *3 (citing *Global-Tech*, 563 U.S. at 766); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc) (inducement requires "specific intent and action to induce infringement"). "'Generic allegations that [defendants] provide instructional materials along with accused products, without more, are insufficient to create a reasonable inference of specific intent for purposes of an induced infringement claim.'" *Stragent*, 2017 WL 2821697, at *9 (citation omitted).

"To establish contributory infringement, the patent owner must show . . . 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of

4

the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). When a complaint does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses," it should be dismissed. *InMotion Imagery Techs. v. Brain Damage Films*, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012).

Allegations of willful infringement that are conclusory or based solely on the filing of a complaint should be dismissed. *See, e.g.*, *Bush Seismic Techs. LLC v. Am. Gem Soc'y*, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (dismissing willfulness claim where plaintiff "could not have had a good faith basis to allege willful and induced infringement based on post-suit conduct that had not yet occurred" and noting that "[a] patentee should not prospectively allege post-filing conduct in an original complaint.").

IV. **<u>ARGUMENT</u>**

A. **Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Infringement Based on Standards Compliance**

Plaintiff's infringement theory is that because the Accused Products purportedly operate "in accordance with the BLE protocol" and Apple's "iBeacon standard," they must infringe the asserted claims. Dkt. 1, ¶¶ 28-30. The Federal Circuit has made clear, however, that "only in the situation where a patent covers *every possible implementation* of a standard will it be enough to prove infringement by showing standard compliance." *Fujitsu,* 620 F.3d at 1328[2]; *see also id*. at 1327-28 ("[If] the relevant section of the standard is optional, [] standards compliance alone would not establish that the accused infringer chooses to implement the optional section. In these instances, it is not sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard, therefore it infringes. In these cases, the patent owner

---

[2] Emphasis added unless otherwise noted.

must compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard.").

Such is the case here, because "the fact that a patent's claims [allegedly] cover an industry standard does not necessarily establish that all standard-compliant devices implement the standard in the same way." *Godo Kaisha IP Bridge 1 v. TCL Commun. Tech. Holdings Ltd.*, 967 F.3d 1380, 1384 (Fed. Cir. 2020). Plaintiff's bare allegation that the Accused Products are compatible with certain industry standards does not plausibly plead that Defendants perform the claimed methods because "open standards" like BLE or iBeacon have various sections that may be optional. Moreover, Plaintiff fails to identify, or allege that Defendants implement, the sections that allegedly necessarily lead to infringement of the asserted claims. Instead, Plaintiff alleges that Defendants "implement certain features of different beacon specifications" into the Accused Products. Dkt. 1, ¶¶ 27-30; *see also Hybrid Audio, LLC v. High Tech Computer Corp.*, 2012 U.S. Dist. LEXIS 192797, at *8 (E.D. Tex. Nov. 2, 2012) (explaining that compliance with a standard is insufficient unless the relevant section of the standard is mandatory and "the patent owner must compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard.").

Plaintiff asserts that the Accused Products allegedly infringe through their "use [of] BLE to broadcast data packets, in compliance with beacon standards and specifications" and "implement certain features of different beacon specifications and protocols including [iBeacon]." Dkt. 1, ¶¶ 27, 29. These broad allegations do not "prove that the accused products implement any relevant option sections of the standard." *Hybrid Audio*, 2012 U.S. Dist. LEXIS 192797, at *8. Further, Plaintiff "identifies no common element between the [BLE or iBeacon] Standard and the asserted claims, nor does it explain how the accused products, by complying with the [BLE or

6

iBeacon] Standard, also infringe the asserted claims." *Stragent,* 2017 WL 2821697, at *5 (dismissing claims of direct infringement based on bare allegations of standards compliance).

Plaintiff's claim charts for each Asserted Patent refer to documents that supposedly show the breakdown of the iBeacon data packets in order to allege infringement. *See* Dkt. 1-7 at 2, 4, 6, 9; Dkt. 1-8 at 4; Dkt. 1-9 at 3, 10. However, these breakdowns of standard data packets are not "compar[isons of] the claims to the accused products" and do not plausibly show "that the accused products implement any relevant optional sections of the standard." *Fujitsu,* 620 F.3d at 1328. Plaintiff's Complaint merely maps various alleged requirements of industry standards against the elements of the asserted claims, without citation to any technical specification, and connects this to the Accused Products through the apparent assertion that the Accused Products are "Compatible with Apple iBeacon™ standard." *See, e.g.*, Dkt. 1-7 at 2, Dkt. 1-8 at 2, Dkt. 1-9 at 2. "This is exactly the type of situation in which *Fujitsu* cautioned against "establish[ing] infringement by arguing that the product admittedly practices the standard." *Stragent, LLC*, 2017 WL 2821697, at *5 (quoting *Fujitsu*, 620 F.3d at 1327).

Accordingly, the iBeacon-related documents that Plaintiff relies on do not support Plaintiff's infringement theory as to the Accused Products in order to state a claim for infringement. Therefore, Plaintiff's allegations based on purported compliance with the iBeacon standard are insufficient, and Plaintiff's claims should be dismissed.

### B.    Plaintiff's Complaint Should Be Dismissed for Failure to Plead Divided or Joint Infringement

Plaintiff asserted infringement of only certain method claims from the Asserted Patents. Infringement of a method claim "occurs when a party performs all of the steps of the process." *Centillion Data Sys., LLC v. Qwest Communs. Int'l,* 631 F.3d 127, 1286 (Fed. Cir. 2011); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) ("A method claim is directly infringed

only by one practicing the patented method."). There is an issue of divided infringement where "more than one actor is involved in practicing the steps" of the accused method claim. *IBM v. Booking Holdings Inc.,* 775 Fed. App'x 674, 678 (Fed. Cir. 2019). The acts of one party in a divided infringement case cannot be attributed to the other unless that entity directs or controls the others performance, the parties form a joint enterprise, or where the alleged infringer conditions participation in an activity or receipt of a benefit upon performance of the steps of a patented method and establishes the manner and timing of that performance. *Id.* at 678-79.

Plaintiff fails to identify a single actor who allegedly performs all of the method steps of asserted claim 11 of the '011 patent. Instead, the method steps are allegedly performed by some combination of the Defendants, the end user, and other third parties. Plaintiff admits that "another device" is involved with the Accused Products (Dkt. 1, ¶ 28), and Plaintiff's '011 claim chart cites several instances of end user involvement in practicing the claimed method. Specifically, Plaintiff admits that "[a]pps implementing the iBeacon region APIs cause the iOS operating system to **request user permission** to use location services," which is a "functionality" that "**users can allow or deny**…at any time." Dkt. 1-8 at 6-7.

Claim 11 of the '011 patent requires that a "sending data processing system" "periodically beacon[s] outbound a broadcast unidirectional wireless data record" and that a "receiving user carried mobile data processing system" "anticipat[es] receipt of the broadcast unidirectional wireless data record…in response to **a user activating the location based application** with the user interface of the receiving user carried mobile data processing system." '011 patent at 449:33-450:15. "[L]ocation based content" is presented on the "user interface of the receiving user carried mobile data processing system…**in response to a user activating the location based application**." *Id*. Plaintiff admits that "user permission to use location services" is required when

8

implementing iBeacon. Dkt. 1-8 at 6. Indeed, Plaintiff argues that the step of "invok[ing] a location based API of the receiving user carried mobile data processing system" is allegedly accomplished by the "CoreLocation API in the iOS operating system, **which involves a request for user permission**." Dkt. 1-8 at 7. The choice to allow or deny permission to use location services is solely within the user's discretion and is not controlled or directed by Defendants. Moreover, the "location based application" which "invokes a location based API of the receiving user carried mobile data processing system" is *not* an application created or controlled by Defendants. Plaintiff admits this as well, noting that "[m]ultiple professional sports stadiums use Aruba Beacons to integrate location services **into their customized mobile app**." *Id.* at 9. Because an affirmative act of a third party end user is required to allegedly perform each and every step of the accused claim of the '011 patent, there is an issue of divided infringement.

In 2016, the Federal Circuit made clear that joint infringement claims must satisfy the pleading standards of *Iqbal* and *Twombly*. *Lyda*, 838 F.3d at 1339. In *Lyda*, the Federal Circuit affirmed dismissal of a divided infringement claim even where the Complaint specifically alleged that a third party practiced some element of the asserted claim. *Id.* at 1340. In doing so, the court clarified that "[a] claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* at 1339. Therefore, in order to survive a motion to dismiss, the "Complaint must plausibly allege that Defendants exercise the requisite 'direction or control' over the performance of the claim steps, such that performance of every step is attributable to Defendants." *Id.* at 1340.

9

Even though claim 11 of the '011 patent allegedly requires the action of an end user to practice each and every claim element, the Complaint is devoid of any allegation or supporting facts that the end user is directed or controlled by Defendants nor that Defendants and the end users of third party applications or the third party application providers form a joint enterprise. *Lyda*, 838 F.3d at 1340. Plaintiff has failed to plead the requisite elements of joint infringement or plausibly allege any direction or control by Defendants over the performance of method steps by third parties, or that a joint enterprise is formed with these separate actors, and Plaintiff's allegations for the '011 patent must be dismissed.

### C.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Indirect Infringement

#### 1.   No Plausible Claim for Direct Infringement

"A finding of direct infringement is predicate to any finding of indirect infringement." *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017); *see also DSU Med. Corp.,* 471 F.3d at 1303 ("[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement."). As explained above, Plaintiff fails to allege a plausible claim for direct infringement for all of the Asserted Patents, and it additionally fails to plausibly allege joint infringement for the '011 patent. Because direct infringement is required for indirect infringement, these failures necessitate dismissal of Plaintiff's claims for indirect infringement. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.").

Additionally, Plaintiff has failed to identify who allegedly directly infringes, i.e., who alone performs all elements of the asserted claims, as a result of Defendants' inducement or contributory infringement, which further mandates dismissal of these claims. Although Plaintiff alleges that

"others—such as, for example, customers, application developers, and third-party manufacturers—[] access, use, and develop programs and applications for the [Accused Products]" (Dkt. 1, ¶ 34), Plaintiff does not allege that these "others" directly infringe the Asserted Patents or explain how such direct infringement plausibly could occur.

### 2.      No Pre-Suit Knowledge of the Asserted Patents

Indirect infringement requires pre-suit knowledge of the Asserted Patents. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Maxell Ltd. v. Apple Inc.,* 2019 U.S. Dist. LEXIS 227275, at *14 (E.D. Tex. Oct. 23, 2019) (granting motion to dismiss pre-suit indirect and willful infringement claims for failure to plausibly allege pre-suit knowledge of the asserted patent). The knowledge element requires that "the alleged infringer knew or should have known his actions would induce actual infringement, [which] necessarily includes the requirement that he or she knew of the patent." *Stragent*, 2017 WL 2821697, at *3 (quoting *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016)).

Plaintiff has not plead pre-suit notice or knowledge of the Asserted Patents. Plaintiff alleges that "Defendants have had knowledge of the [patents] or at least were willfully blind to their infringement," without any further detail as to the allegations. Dkt. 1, ¶¶ 36, 45, 55, 65. Accordingly, Plaintiff has not plead pre-suit knowledge of the Asserted Patents, and its indirect infringement claims should be dismissed. *Stragent*, 2017 WL 2821697, at *21 (dismissing claims of induced infringement for failure to provide factual allegations sufficient to support a finding that defendants acted with knowledge).

### 3.      No Intent to Induce Infringement

In addition to a predicate act of direct infringement, indirect infringement requires that the alleged infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir.

2009) (quoting *3M v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002)). In the context of a motion to dismiss, the complaint must plead facts that plausibly show the defendant had specific intent to cause another to directly infringe and knew the other's act constituted infringement. *Norman IP Holdings, LLC v. Chrysler Grp. LLC,* 2014 U.S. Dist. LEXIS 185498, at *9-10 (E.D. Tex. Mar. 5, 2014); *see also Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.").

Plaintiff has failed to allege the specific intent required for an inducement claim. Plaintiff generically alleges that Defendants advertise and promote use of the Accused Products through "training videos, demonstrations, brochures, installation and user guides" on various linked web pages (Dkt. 1, ¶ 34), and that Defendants "aid, instruct, or otherwise act with the intent to cause an end user to use the Accused Infringing Instrumentalities" (*id.*, ¶¶ 41, 51, 61). However, as explained by the Court in *Core Wireless Licensing SARL v. Apple, Inc.*, "failing to allege any facts identifying, . . . how the instructions direct customers to use products in an infringing matter, falls shorts of satisfying Rule 8's notice requirement." 2015 WL 12850550, at *5 (E.D. Tex. July 15, 2015), *report and recommendation adopted*, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015). "[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Id.* Instead, the intent must be plead "relative to specific features of identified products." *Norman IP*, 2014 U.S. Dist. LEXIS 185498, at *10.

Here, the Plaintiff's allegations in the Complaint and claim charts do not allege any facts identifying "how the instructions direct customers to use products in an infringing manner." *Core Wireless*, 2015 WL 12850550, at *4. Instead, Plaintiff merely states that Defendants provide

various instructional materials for using the Accused Products, which is insufficient to state a claim for induced infringement. *Id.*

### 4. Generic Contributory Infringement Allegations

As with the induced infringement claims, Plaintiff's generic allegations of contributory infringement should be dismissed. For example, as to the noninfringing uses, Plaintiff only alleges that "portions of the Accused Infringing Instrumentalities [are] especially made or especially adapted for use in infringement of the Patents-in-Suit, not a staple article, and not a commodity suitable for substantial non-infringing use." Dkt. 1, ¶¶ 35, 42, 52, 62. However, "generic allegations," such as this, do not "provide any factual basis up on which a plausible inference of contributory infringement can be drawn." *Core Wireless*, 2015 WL 12850550, at *5 (dismissing plaintiff's contributory infringement claims because, inter alia, "it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses").

Like the allegations in *Core Wireless*, the Complaint "is devoid of any facts from which the Court can plausibly infer that any components of the products being sold have 'no substantial non-infringing uses.'" *Id*. Additionally, the Plaintiff's claim charts provide no other detail as to the alleged contributory infringement. Accordingly, "it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses," and therefore Plaintiff fails to adequately plead contributory infringement. *Id*.

### D. Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim for Willful Infringement

"At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement." *InMotion Imagery Tech. v. Brain Damage Films*, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (dismissing allegations of willful infringement). "[T]he bare assertion that [defendant's] infringement was willful is not sufficient to plead a plausible claim for relief."

*Achates Reference Publ'g, Inc. v. Symantec Corp.*, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013). Enhanced damages for willful infringement "are not to be meted out in a typical infringement case," but rather are reserved for conduct described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). No plausible basis for such a claim exists in this case.

First, no pre-suit knowledge is alleged for the Asserted Patents. *See* Dkt. 1, ¶ 31. Second, Plaintiff's conclusory allegations are devoid of any supporting facts. *See Bush Seismic Techs.*, 2016 WL 9115381, at *3 (dismissing willfulness claim where plaintiff "could not have had a good faith basis to allege willful and induced infringement based on post-suit conduct that had not yet occurred," and noting that "[a] patentee should not prospectively allege post-filing conduct in an original complaint"). Last, Plaintiff has not plausibly alleged infringement of the Asserted Patents, and it necessarily fails to plausibly allege willful infringement as a result. *See Core Wireless*, 2015 WL 12850550, at *5 (granting motion to dismiss willful infringement and holding, "at the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk").

Accordingly, Plaintiff's willful infringement allegations for all Asserted Patents should be dismissed.

## V.   **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

14

Dated: August 2, 2021

By: */s/ Rose Cordero Prey*

Rose Cordero Prey
Elana B. Araj
Kathryn E. Albanese
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: preyr@gtlaw.com
Email: araje@gtlaw.com
Email: albanesek@gtlaw.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendants Hewlett
Packard Enterprise Company and
Aruba Networks, LLC***

15

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 2nd day of August 2021, all counsel of record who are

deemed to have consented to electronic service are being served with a copy of this document through

the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*

16